UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. PEOPLES, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAVY BOARD ANNEX,<br><br>　　　　　Defendant. | No. 2:19-cv-02253-TLN-AC-PS<br><br>ORDER AND ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS |

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed December 18, 2019, the court determined that service of the complaint is appropriate for defendant Navy Board Annex and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward to the United States Marshal the instructions for service of process, the completed summons, copies of the complaint, copies of the form Consent to Proceed Before a United States Magistrate Judge, and copies of this order.

2. Within fourteen days from the date of this order, the United States Marshal is directed to notify defendant Navy Board Annex of the commencement of this action and to request a

////

1

waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3. The United States Marshal is directed to retain the sealed summons and a copy of the complaint in its file for future use.

4. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

6. If a defendant does not return a waiver of service of summons within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b. File, within fourteen days after personal service is effected, the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on the defendant. Such costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. Each defendant shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

8. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose

////

such a motion may be deemed a waiver of opposition to the motion. See L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

9. If plaintiff is released from prison while this case is pending, any party may request application of other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, the provisions of L.R. 230(l) will govern all motions described in #8 above regardless of plaintiff's custodial status. See L.R. 102(d).

10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See

L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

11. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Failure to do so may constitute grounds for denial of the motion.

12. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment. Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Albino, 747 F.3d at 1168. The court encourages defendant to bring motions raising exhaustion issues early in the case. Id. at 1170-71.

13. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

14. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

15. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

////

16. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

DATED: December 31, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

## Rand Notice to Plaintiff

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).