1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY D. PEOPLES, JR.,                    No.  2:19-cv-02253 TLN AC PS

12                    Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   NAVY BOARD ANNEX,

15                    Defendant.

16

17        Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly

18   referred to the undersigned pursuant to Local Rule 302(c)(21).  The case is before the court on

19   defendant's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). ECF Nos. 20 (defendant's

20   motion), 24 (plaintiff's opposition).[1]  For the reasons that follow, the undersigned recommends

21   that defendant's motion to dismiss be GRANTED without leave to amend.

22                              **I. BACKGROUND**

23        A.  Allegations of the Complaint

24        The complaint alleges that the Department of the Navy's Board for Correction of Naval

25   Records erred by denying plaintiff's application to upgrade his discharge from "Other Than

26   Honorable by Reason of Misconduct" in a decision from August 2000.  ECF No. 1 at 2, 10-11.

27   ───────────────────────

28   [1]  Plaintiff also filed a request for status, inquiring whether his opposition was received by the
     court.  ECF No. 26 at 1-2.  Plaintiff's opposition was received and reviewed.

                                      1

The complaint asserts that the Board considered a conviction by a special court-martial that is not part of plaintiff's military record, and that falsified documents were put into his record.  Id. Though the complaint does not specify a basis for subject matter jurisdiction, id. at 1, the proof of service identifies the complaint as a "1983 civil rights complaint," id. at 3.  Plaintiff seeks compensatory and punitive damages.  Id. at 7.

B.  Motion to Dismiss

Defendant Navy Board Annex moves to dismiss plaintiff's complaint under Rule 12(b)(1) and Rule 12(b)(6) because, first, 28 U.S.C. § 1983 does not apply to federal agencies; second, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) does not apply to federal agencies; third, plaintiff has failed to state claim under § 1983 or Bivens; fourth, a claim under the Administrative Procedure Act ("APA") would be time-barred; and fifth, a claim under the APA would belong in the Court of Federal Claims because of its request for damages.  ECF No. 20-1 at 1-2.  Defendant cites United States v. Sherwood, 312 U.S. 584, 586 (1941) for the proposition that the United States is immune from suit unless it waives sovereign immunity.  Id. at 2.

## II.  ANALYSIS

A.  Dismissal Standard: Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue; without subject matter jurisdiction, the court generally may not consider other aspects of a case.  Bibiano v. Lynch, 834 F.3d 966, 970 n.4 (9th Cir. 2016).  Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject-matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted).  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The district court resolves a facial attack as it would a motion to dismiss under Rule

2

1   12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the

2   plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to

3   invoke the court's jurisdiction.  Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Savage v.

4   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

5            B.  Sovereign Immunity

6           The complaint does not support a finding that the United States has waived sovereign

7   immunity, a deficiency that goes to the court's subject matter jurisdiction.  See Tobar v. United

8   States, 639 F.3d 1191, 1195 (9th Cir. 2011).  "In an action against the United States, in addition

9   to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign

10  immunity."  Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1087 n.2 (9th Cir. 2007)

11  (citation and internal quotation marks omitted).  This reflects that the "United States, as

12  sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to

13  be sued in any court define that court's jurisdiction to entertain the suit."  United States v.

14  Mitchell, 445 U.S. 535, 538 (1980) (quoting Sherwood, 312 U.S. at 586).  A suit against a federal

15  agency seeking relief against the sovereign is effectively a suit against the sovereign.  Larson v.

16  Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949).  Thus, the principles of

17  sovereign immunity apply whenever a federal agency is sued.  Id.; see Beller v. Middendorf, 632

18  F.2d 788, 796-98 (9th Cir. 1980), overruled on other grounds by Lawrence v. Texas, 539 U.S.

19  558 (2003).

20          Here, neither § 1983 nor Bivens provides a waiver of sovereign immunity.  As to the

21  former, the United States itself is not a state actor and therefore does not come within the scope of

22  § 1983.  Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 20111).  The Navy Board Annex is

23  a federal agency, not a state actor that may be sued under § 1983.  As to Bivens, which allows

24  plaintiffs to bring claims for money damages against individual federal officials based on certain

25  constitutional violations, plaintiff cannot state a claim because "no Bivens remedy is available

26  against a federal agency."  W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1119 (9th

27  Cir. 2009).  Moreover, even if plaintiff were to amend his complaint to assert a claim against

28  individual agents of the Navy's Board for Correction of Naval Records, plaintiff would be

3

required to show a violation of plaintiff's constitutional rights for which a <u>Bivens</u> remedy is available.  <u>See</u> <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1857-58 (2017) (surveying the Court's <u>Bivens</u> jurisprudence).  The facts alleged by plaintiff cannot support such a claim.

Defendant maintains that to the extent that the complaint can be read to allege a claim against a federal agency under the APA, such a claim fails because plaintiff seeks $500,000 in compensatory and punitive damages. ECF No. 20-1 at 4.  "The APA does not provide for monetary damages." <u>W. Radio Servs. Co.</u>, 578 F.3d at 1123.  Section 702 of the APA "was designed to eliminate the defense of sovereign immunity as to any action in a [f]ederal court seeking relief other than money damages and stating a claim based on the assertion of unlawful official action by an agency or by an officer or employee of the agency." <u>The Presbyterian Church (U.S.A.) v. United States</u>, 870 F.2d 518, 524 (9th Cir. 1989) (citation and internal quotation marks omitted).  Here, because plaintiff seeks monetary damages for a federal agency's allegedly unlawful action, ECF No. 1 at 7, the APA does not establish a waiver of sovereign immunity.

C.  <u>Timeliness</u>

Furthermore, plaintiff's claim is plainly time-barred.  Even if plaintiff were to amend his complaint to seek only a correction of Naval records under the APA, a six-year statute of limitations would apply under 28 U.S.C. § 2401(a).  <u>See</u> <u>Wind River Mining Corp. v. United States</u>, 946 F.2d 710, 713 (9th Cir. 1991).  Plaintiff challenges a decision dated August 25, 2000 – a decision issued more than 19 years ago.  Complaint at 10-11.  There is no available remedy for this stale claim.

D.  <u>Leave to Amend</u>

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  Here, it is clear that amendment would be futile.  Plaintiff's claim accrued nearly two decades ago.  Accordingly, even if plaintiff reconstructed his complaint to seek alternative relief and thus established subject matter jurisdiction, the claim would be time-barred.

4

In his opposition, plaintiff states that he filed a new application in 2017 to change the classification of his discharge; that application also appears to have been denied.  ECF No. 24 at 4-5.  Amendment of the complaint to challenge denial of this subsequent application would not save the claim from untimeliness.  A statute of limitations run from the time that a claim accrues. See Lukovosky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).  In general, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  Here, plaintiff knew of his injury when defendant first declined to upgrade the discharge.  Accordingly, plaintiff cannot escape operation of the statute of limitations, and amendment would therefore be futile.

E.  Plain Language Summary of this Order for a Pro Se Litigant

The magistrate judge is recommending that your lawsuit be dismissed without leave to amend.  This is because you are suing a federal agency for damages, and no federal law gives the court jurisdiction to hear such a case.  Even if you dropped the request for damages, your claim is too old to bring to court.  A lawsuit challenging a federal agency decision needs to be filed within six years of the decision.  You waited longer than six years after the decision not to upgrade your discharge.  These problems cannot be fixed by amending the complaint, so leave to amend is not recommended.

**III.  CONCLUSION**

Accordingly, the undersigned recommends that the motion to dismiss at ECF No. 20 be GRANTED, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to

////

////

5

1   appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez</u>

2   <u>v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3   DATED: April 21, 2020

4

5   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28